IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

**JUSTIN M. TREADWELL**,

    Petitioner,

v.

**BRAD CAIN**,

    Respondent.

Case No. 2:20-cv-00232-IM

**OPINION AND ORDER**

**IMMERGUT, District Judge.**

    Petitioner Justin M. Treadwell ("Petitioner"), an individual in custody at Snake River Correctional Institution at the time of filing, brings this habeas corpus proceeding pursuant to 28 U.S.C. § 2254. For the reasons set forth below, the Court DENIES Petitioner's Petition for Writ of Habeas Corpus (ECF No. 2) and DISMISSES this proceeding, with prejudice.

///

///

PAGE 1 – OPINION AND ORDER

## BACKGROUND

In September 2014, Petitioner was thirty-eight and worked as an aide at an assisted living facility in Klamath Falls, Oregon. (Resp't Exs. (ECF No. 18), Exs. 111 at 1, 127 at 1.[1]) At approximately 2:20 am on September 11, 2014, another employee found Petitioner in the room of JH, an elderly patient who suffered from dementia and resided in the facility's Memory Care Unit ("MCU"). (*Id.*) The employee reported that the lights were off when he entered the room, and that Petitioner, whose back was toward him, was standing in front of JH, who was seated on the edge of the couch with her face less than six inches from Petitioner's crotch. (Resp't Ex. 112 at 2.) The employee reported that he instructed Petitioner to get away from JH, and that Petitioner refused to turn around and instead "sidestepped" away from JH with his back still toward the employee. (*Id.*) Petitioner then "fiddl[ed] with his zipper" before finally turning around and leaving the room. (*Id.*) The MCU Executive Director later reported the incident to the Senior and Disability Services Division of the Oregon Department of Human Services ("DHS"), which referred the incident to the police. (Resp't Ex. 111 at 1.)

Detective Joseph Foreman with the Klamath County Police Department interviewed Petitioner, who agreed that "it looked bad" but denied any wrongdoing. (*Id.* at 6.) Petitioner eventually admitted, however, that he had been aroused when he was in JH's room, and that he had refused to turn around because he had not wanted his coworker to see that he had an erection. (*Id.* 8-9.) Upon further questioning, Petitioner admitted to having sexual contact with JH. Specifically, Petitioner claimed that JH had pulled his erection from his pants and kissed or licked

---

[1] When citing to Respondent's Exhibits, the Court refers to the page numbers listed in the lower right corner of each exhibit.

PAGE 2 – OPINION AND ORDER

the tip of his penis. (*Id.* at 9-12.) Petitioner readily acknowledged that JH suffered from dementia and stated that he had exercised "very poor judgment" under the circumstances. (*Id.* at 10.)

On October 6, 2014, a Klamath County grand jury returned an indictment charging Petitioner with one count each of Sodomy in the First Degree and Sexual Abuse in the First Degree. (Resp't Ex. 102 at 1-2.) Petitioner entered plea negotiations with the State and ultimately elected to plead no contest to the sexual abuse charge in exchange for the dismissal of the sodomy charge. (Resp't Ex. 103.) The prosecutor provided the trial court with the factual basis for the plea, explaining that if Petitioner proceeded to trial, the State would offer, among other things, the testimony of JH's doctor who would have testified that JH could not, "due to her dementia and physical condition," make decisions for herself or otherwise consent to sexual contact with Petitioner. (Resp't Ex. 104 at 26-27.) Petitioner agreed that the State had sufficient evidence to prove his guilt beyond a reasonable doubt, and confirmed that his plea was intelligently, knowingly, and voluntarily made "in all respects." (*Id.* at 26, 28.) The trial court accepted the plea and sentenced Petitioner to a custodial term of seventy-five months to be followed by post-prison supervision. (*Id.* at 28, 30; Resp't Ex. 101.)

Petitioner did not file a direct appeal but sought postconviction relief. (Resp't Ex. 105.) In his postconviction petition, Petitioner raised three claims for relief based on the ineffective assistance of counsel, alleging that his attorney was ineffective (1) by failing to move to suppress Petitioner's statements to Detective Foreman; (2) by failing to consult Petitioner's doctor about medication prescribed to Petitioner that "impaired [his] judgment" at the time of his plea; and (3) by failing to thoroughly review "new case information" received the day of the plea hearing that "was very helpful to [the] defense[.]" (*Id.* at 2-3.) After a trial at which Petitioner and his trial attorney both testified, the postconviction court denied relief, finding that Petitioner's testimony

PAGE 3 – OPINION AND ORDER

was "not believable" because it was "contrary to the documents in the record, the transcript of proceedings and the testimony of his attorney," who the postconviction court determined was credible. (Resp't Exs. 126, 127 at 1.)

On appeal, Petitioner's appellate counsel filed a brief pursuant to *State v. Balfour*, 311 Or. 434 (1991),[2] certifying that although he had thoroughly reviewed the record and consulted with Petitioner and trial counsel about the case, he could not identify "any arguably meritorious issues on appeal." (Resp't Ex. 128 at 8.) Appellate counsel afforded Petitioner "a reasonable opportunity to raise any issue" in Section B of the *Balfour* brief, in which Petitioner raised two assignments of error:

> FIRST ASSIGNMENT OF ERROR:  The PCR trial judge . . . made an incorrect ruling when he dismissed petitioner's Claim #1.
>
> SECOND ASSIGNMENT OF ERROR:  The PCR trial judge . . . made an incorrect ruling when he dismissed petitioner's Claim #2.

(*Id.* at 8, 10.) The Oregon Court of Appeals affirmed without opinion, and the Oregon Supreme Court denied review. (Resp't Exs. 131, 132.)

On February 12, 2020, Petitioner filed a Petition for Writ of Habeas Corpus in this Court. presenting a single ground for relief concerning trial counsel's alleged ineffectiveness "for not peti[ti]oning for [a] competency hearing of [the] victim." (Pet. at 5.[3]) Respondent urges this Court

---

[2] Under *Balfour*, counsel is not ethically bound to withdraw when faced with only non-meritorious issues on appeal. Rather, the attorney may file an appellant's brief divided into two parts, with Section A containing a brief statement of the case sufficient to "apprise the [appellate] court of the jurisdictional basis for the appeal," and Section B containing any assignments of error the appellant wishes to raise. *Balfour*, 311 Or. at 451-52.

[3] When citing to the Petition or the parties' briefing, the Court refers to the ECF page numbers to avoid confusion.

PAGE 4 – OPINION AND ORDER

to deny habeas relief, arguing that Petitioner's claim is procedurally defaulted and without merit. (Resp. to Pet. (ECF No. 16), at 3.)

## DISCUSSION

Respondent argues that Petitioner failed fairly to present his claim the Oregon courts, and because he can no longer do so, his claim is procedurally defaulted. (Resp. at 5.) Petitioner did not file a supporting brief to refute this argument, but instead filed several exhibits marked with handwritten notes that appear to go toward the merits of his claim. (Pet'r's Exs. (ECF No. 37). Even liberally construed, Petitioner's exhibits fail to demonstrate that he is entitled to relief.

A habeas petitioner generally must exhaust all remedies available in state court, either on direct appeal or through collateral proceedings, before a federal court may consider granting habeas relief. *See* 28 U.S.C. § 2254(b)(1)(A) (instructing that a court may not issue a writ of habeas corpus on behalf of an individual in state custody unless "the applicant has exhausted the remedies available in the courts of the State"); *see also Smith v. Baldwin*, 510 F.3d 1127, 1137 (9th Cir. 2007) (noting that a prisoner must first exhaust available remedies before a federal court may consider the merits of a habeas petition). Generally, a petitioner satisfies the exhaustion requirement "by fairly presenting the federal claim to the appropriate state courts . . . in the manner required by the state courts, thereby 'afford[ing] the state courts a meaningful opportunity to consider allegations of legal error.'" *Casey v. Moore*, 386 F.3d 896, 915–16 (9th Cir. 2004) (quoting *Vasquez v. Hillery*, 474 U.S. 254, 257 (1986)) (alteration in original); *see also O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (holding that "[b]ecause the exhaustion doctrine is designed to give the state courts a full and fair opportunity to resolve federal constitutional claims before those claims are presented to the federal courts, . . . state prisoners must give the state courts one

full opportunity to resolve any constitutional issues by invoking one complete rounds of the state's established appellate review process").

If a petitioner failed to present his claims to the state courts in a procedural context in which the merits of the claims were actually considered, the claims have not been fairly presented to the state courts and therefore are ineligible for federal habeas corpus review. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). In this respect, a petitioner is deemed to have "procedurally defaulted" his claim if he failed to comply with a state procedural rule or failed to raise the claim at the state level at all. *Carpenter*, 529 U.S. 446, 451(2000); *Coleman v. Thompson*, 501 U.S. 722, 750 (1991). An individual in state custody is barred from raising procedurally defaulted claims in federal court unless he "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law or demonstrate that failure to consider the claims will result in fundamental miscarriage of justice." *Coleman*, 501 U.S. at 750.

In his single claim for relief, Petitioner alleges that trial counsel was ineffective in failing to move for a competency hearring with respect to the victim, JH. As explained above, Petitioner raised several ineffective assistance of counsel claims during his postconviction proceedings, but at no point did he raise the ineffectiveness claim he advances here. Petitioner therefore failed fairly to present his sole claim for relief, and because he can no longer do so, it is procedurally defaulted. *See* OR. REV. STAT. § 138.510(3) (setting forth a two-year limitation period in which to file for postconviction relief); OR. REV. STAT § 138.550(3) (instructing that all grounds for relief must be asserted in the original or amended postconviction relief petition unless the grounds could not reasonably have been raised).

The Court notes that Petitioner invokes *Martinez v. Ryan*, 566 U.S. 1 (2012) in the Petition. To the extent this reference may be construed as an attempt to demonstrate cause and prejudice to

PAGE 6 – OPINION AND ORDER

excuse the default of his claim, the Court's review of the record demonstrates that Petitioner's argument is without merit. Because Petitioner's only claim for relief is procedurally defaulted, and he has not demonstrated cause and prejudice to overcome the default, or that a miscarriage of justice will occur if this Court fails to address the merits of his claim, habeas relief is barred in this case.

## CONCLUSION

Based on the foregoing, the Court DENIES Petition for Writ of Habeas Corpus (ECF No. 2), and DISMISSES this proceeding, with prejudice. Petitioner has not made a substantial showing of the denial of a constitutional right, and therefore the Court DENIES a Certificate of Appealability. *See* 28 U.S.C. § 2253(c)(2).

**IT IS SO ORDERED.**

DATED this __3rd__ day of December, 2021.

*Karin J. Immergut*
Karin J. Immergut
United States District Judge